# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE VISTA EQUITIES, LLC, <br><br>Plaintiff, <br><br>v. <br><br>DERRICK R. WELLS, <br><br>Defendants. | **Case No. CV 15-08054 DMG (RAOx)** <br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.

## FACTUAL BACKGROUND

Plaintiff Eagle Vista Equities, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Derrick R. Wells and Does 1 to 10 ("Defendants") on or about August 4, 2015. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly holdover occupants of real property located in Los Angeles, California ("the property"). Compl. at ¶¶ 8, 10, 17. On July 20, 2015, Plaintiff acquired ownership of and title to the property following a foreclosure sale of the property. *Id.* at ¶ 4.

On July 31, 2015, Plaintiff served Defendant Wells with a notice of demand that Defendants quit and deliver up possession of the property pursuant to

California Code of Civil Procedure § 1166a. *Id.* at ¶ 12.

Plaintiff alleges that defendants have failed and refused to surrender possession of the property. *Id.* at ¶ 13. Plaintiff seeks restitution and possession of the property, monetary damages, and costs. *Id.* at 3.

Defendant Wells filed a Notice of Removal on October 14, 2015, invoking the Court's federal question jurisdiction. Removal at 2-8. The same day, Defendant Wells filed a Request to Proceed In Forma Pauperis. Dkt. No. 2.

On October 21, 2015, Plaintiff filed a Motion to Remand the matter to Los Angeles Superior Court. Dkt. No. 7.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court has neither federal question nor diversity

1  jurisdiction over the instant matter.  Plaintiff could not have brought this action in
2  federal court, in that Plaintiff does not allege facts supplying either federal question
3  or diversity jurisdiction, and therefore removal was improper.  *See* 28 U.S.C.
4  1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96
5  L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed
6  in federal court may be removed to federal court by the defendant.") (footnote
7  omitted).
8        First, there is no federal question apparent on the face of Plaintiff's
9  complaint, which alleges only a simple unlawful detainer cause of action.  *See*
10 *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578,
11 *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under
12 federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No.
13 EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010)
14 (remanding an action to state court for lack of subject matter jurisdiction where
15 plaintiff's complaint contained only an unlawful detainer claim).
16       There is no merit to Defendant's contention that federal question jurisdiction
17 exists because congressional enactment of Protecting Tenants at Foreclosure Act of
18 2009 ("PTFA") preempted state law in this subject matter.  Removal at 2-8.  The
19 PTFA does not create a private right of action; rather, it provides a defense to state
20 law unlawful detainer actions.  *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163,
21 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does
22 not create a private right of action allowing [plaintiff] to enforce its requirements").
23 It is well settled that a "case may not be removed to federal court on the basis of a
24 federal defense . . . even if the defense is anticipated in the plaintiff's complaint,
25 and even if both parties concede that the federal defense is the only question truly at
26 issue." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430.  Thus, to the extent
27 Defendant Wells' defenses to the unlawful detainer action are based on alleged
28 violations of federal law, those defenses do not provide a basis for federal question

jurisdiction. *See id.* Because Plaintiff's complaint does not present a federal question, either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to "under $10,000." (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand Case to Los Angeles Superior Court is GRANTED. [Doc. # 7.] The December 4, 2015 hearing is VACATED.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: November 18, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

4